# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY GEORGE HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-006 |
| | ) | |
| THE CITY OF SAVANNAH, | ) | |
| SAVANNAH-CHATHAM COUNTY | ) | |
| METROPOLITAN POLICE | ) | |
| DEPARTMENT, DAN FLYNN, and | ) | |
| J. MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Anthony Hicks, currently an inmate at Wilcox State Prison in Abbeville, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Officer J. Miller of the Savannah-Chatham Metropolitan Police Department ("SCMPD") applied excessive force against him during his arrest and was deliberately indifferent to his medical needs, which allegedly arose from the application of excessive force.[1] (Docs. 1 & 20.) For the reasons that follow, his complaint should be **DISMISSED**.

---

[1] On June 5, 2008, Hicks moved for leave to file an amended complaint, which he included with his motion. (Docs. 19 & 20.) Leave to amend is **GRANTED**.

The Prison Litigation Reform Act requires the federal courts to conduct an early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). The Court will therefore examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Hicks alleges that on June 4, 2005, Officer J. Miller of the SCMPD applied excessive force against him in the course of his arrest and was deliberately indifferent to his resulting serious medical needs. (Doc. 1 at 5; Doc. 20 at 13.) Specifically, Hicks alleges that after he surrendered to the officer following a foot chase, Miller choked him, struck him repeatedly in the face, broke his neck and nose, and fractured a rib under his left shoulder blade. (Doc. 1 at 5; Doc. 20 at 5-13.) The officer then removed Hicks from a hospital emergency room, thus denying him

medical care for his injuries. (Doc. 20 at 5-13.) Hicks seeks compensatory and punitive damages as relief. (Id. at 6.)

Hicks, however, is prohibited from proceeding with his claim because he filed this suit outside of the two-year statute of limitations applicable to § 1983 suits arising in Georgia. In Georgia, a § 1983 action is barred if not commenced within two years after the cause of action accrues. Walker v. United States, 196 F. App'x 774, 776 (11th Cir. 2006) (citing Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987)); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.");[2] see Wilson v. Garcia, 471 U.S. 261, 268-69, 274-75 (1985) (holding that in § 1983 cases, the length of the limitations period and the closely related questions of its application and tolling are governed by state law). In this circuit a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Rozar v. Mullis, 85 F.3d 556,

---

[2] O.C.G.A. § 9-3-33 provides, in relevant part, that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues . . . ."

3

561-62 (11th Cir. 1996) (quoting Mullinax, 817 F.2d at 716). A claim of the type alleged here accrues at the time of the incident. See Ross v. Mickle, 194 F. App'x 742, 744 (11th Cir. 2006) (holding that a plaintiff's claim of excessive force arising from a shooting began to accrue at the time of the incident). The incidents in question occurred on June 4, 2005. (Doc. 1 at 5.) Hicks, therefore, should have filed suit no later than June 4, 2007. He did not file the present action until January 16, 2008, more than six months after the two-year limitations period had elapsed. Consequently, unless some exception applies permitting Hicks to avoid the limitations bar, his case should be dismissed. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

When borrowing a state's statute of limitations, federal courts are also obliged to apply the state's exceptions to its limitations period. Wilson, 471 U.S. at 269 ("[T]he . . . questions of tolling and application [of the limitations period], are to be governed by state law."); see also Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 463-64 (1975) (same rule applies when a state limitations period is borrowed under 42 U.S.C. § 1981). In Georgia, an action may be filed after the expiration of the

4

statute of limitations either under its renewal statute or its tolling provisions.

Georgia's renewal statute, O.C.G.A. § 9-2-61, permits revival of any valid suit commenced in state or federal court that the plaintiff discontinues or dismisses if it is filed within the applicable limitations period "or within six months after the discontinuance or dismissal."[3] Id. Here, Hicks filed a nearly identical complaint against the same defendants on February 23, 2007. Hicks v. City of Savannah, No. CV407-029 (S.D. Ga. Oct. 30, 2007). On October 30, 2007, that case was dismissed without prejudice for Hicks' failure to prosecute the action, as he did not keep the Court apprised of his current mailing address in violation of Local Rule 11.1.[4] Id. Hicks argues that because the original action was filed within the limitations period, his present action should revive the original action. (Doc. 1 at 5.)

---

[3] The renewal statute does not permit the addition of new claims in the revived action. See Alfred v. Right Stuff Food Stores, Inc., 525 S.E.2d 717, 719 (Ga. Ct. App. 1999). In Hicks' amended complaint, he added a claim of deliberate indifference to his medical needs. (Doc. 20.) That claim fails as a matter of law and should be **DISMISSED**. Alfred, 525 S.E.2d at 719.

[4] "[A] dismissal by the trial court for want of prosecution is deemed a voluntary dismissal for purposes of O.C.G.A. § 9-2-61(a)," so it falls within the renewal statute. White v. KFC Nat's Mgmt. Co., 493 S.E.2d 244, 246 (Ga. Ct. App. 1997).

But under Georgia's renewal statute, only valid suits may be revived. Aucoin v. Connell, 209 F. App'x 891, 895 (11th Cir. 2006); Fid. Enters., Inc. v. Beltran, 447 S.E.2d 150, 151 (Ga. Ct. App. 1994). To qualify as a valid suit, the complaint must have been served upon the defendant. Stephens v. Shields, 608 S.E.2d 736, 738 (Ga. Ct. App. 2004); Douglas v. Kelley, 158 S.E.2d 441, 442-43 (Ga. Ct. App. 1967) (same). Service upon Officer Miller was never perfected in the original action. Although the Court directed the U.S. Marshal to serve Miller, Hicks, No. CV407-029 (doc. 7 at 5), no return of service, waiver of service, or any defensive pleading was ever filed in the original case. Apparently, through an oversight, either the Clerk never forwarded the complaint to the Marshal for service or the Marshal neglected to perfect service.[5] In either case, service was not perfected, and proper service is essential to revival under Georgia's renewal statute.[6] Stephens, 608 S.E.2d at 738.

---

[5] Generally, an *in forma pauperis* litigant[] should be entitled to rely on the United States Marshals for service where such failure is not due to fault on the litigant's part." Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990). Accordingly, a case should not be dismissed under Rule 4 for a service-related error when the Marshal or Clerk caused that failure. E.g., id. at 1096. But Hicks' prior action was not dismissed for his failure to timely effect service of process; rather, it was dismissed due to his failure to prosecute the action. So Fowler is not applicable in this case.

[6] Hicks also alleges that his prior case was dismissed as abandoned because his attorney, Joseph D. Weathers, failed to notify the Court that he "took over representing

And even if the failure in service was caused by the Clerk or the Marshal, Hicks' failure to prosecute the original action still prevents the Georgia renewal statute from reviving the case. See Wimberly v. Dep't of Corr., 435 S.E.2d 67 (Ga. Ct. App. 1993) (where plaintiff took no action to perfect service over a two-year period, he was estopped from arguing that "district court did not allow service on the present defendants").

Sometimes tolling permits a case to be filed outside of the limitations period. Hicks' does not qualify for tolling under any of Georgia's many tolling statutes. See O.C.G.A. § 9-3-90 (tolling for persons who are legally incompetent); O.C.G.A. § 9-3-91 (tolling where legal incompetence occurs after accrual of right); O.C.G.A. § 9-3-92 (tolling for unrepresented estate); O.C.G.A. § 9-3-93 (tolling for creditors of an unrepresented estate); O.C.G.A. § 9-3-94 (tolling for defendants absent from the state); O.C.G.A. § 9-3-95 (tolling in joint actions where a party is under disability); O.C.G.A. § 9-3-96 (tolling in cases of fraud);

---

[Hicks] back in March 07." (Doc. 1 at 2, 13-15.) Weathers never entered an appearance in the original case, and the case sat idle for nearly six months before it was dismissed. Hicks argues that he should have been entitled to rely upon his attorney to handle the prosecution of his case. Although Hicks may have a valid claim of legal malpractice against Weathers, Georgia's renewal statute still offers no relief because service was never perfected in the original case.

O.C.G.A. § 9-3-97 (extension of limitations period for counterclaims and crossclaims); O.C.G.A. § 9-3-97.1 (tolling in medical malpractice actions); O.C.G.A. § 9-3-99 (tolling of limitations period for torts arising from a crime until the prosecution of such crime has become final or otherwise terminated). And Georgia's non-statutory doctrine of equitable tolling is extremely narrow. The only discussion of non-statutory equitable tolling in the Georgia courts occurred in the context of a class action lawsuit, which required equitable tolling in order to "permit[] class member to rely on the class action to protect their rights without concern that the statute of limitations on their individual claims will have run should class certification ultimately be denied." State v. Private Truck Council, Inc., 371 S.E2d 378, 380-81 (Ga. 1988). Consequently, Hicks cannot rely upon Georgia law to toll the limitations period.

Federal district courts are permitted to dismiss a complaint *sua sponte* when it appears beyond doubt "from the complaint itself that [a plaintiff] can prove no set of facts which would avoid a statute of limitations bar." Hughes, 350 F.3d at 1163 (quoting Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001)). As this case was filed

outside the applicable limitations period and there is no basis for reviving the original action or tolling the limitations period, it should be **DISMISSED** and all outstanding motions should be **DENIED**.[7]

**SO REPORTED AND RECOMMENDED** this 16th day of June, 2008.

/s/ JMSmitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] As in his prior complaint, Hicks names the City of Savannah, the SCMPD, and Dan Flynn as defendants. (Doc. 1.) In this Court's report and recommendation in that case, it explained that all three were improper defendants that must be dismissed. Doc. 7, Hicks, No. CV407-029. As this case is barred by the statute of limitations, the Court will not revisit the issue in detail, but Hicks is advised, for the second time, that they are not proper defendants in this action.